UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0094** |
| **MICHAEL DOKES ET AL.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's motion for a default judgment in its action for declaratory and injunctive relief against Michael Dokes is **GRANTED**.  (Document #23.)

**IT IS HEREBY ORDERED** that Michael Dokes and all those in active concert and participation with him are **ENJOINED** and **RESTRAINED** from communicating via written correspondence, including notices, motions, letters, or copies of filings, with Judge Martin Feldman, Magistrate Judge Louis Moore, Jr., United States Attorney Jim Letten, and Assistant United States Attorney Matthew Coman.

**IT IS FURTHER ORDERED** that Michael Dokes and all those in active concert and participation with him are **ENJOINED** and **RESTRAINED** from filing and recording, or causing to be filed or recorded, in the public records of any state, county, parish, town, city or

locality, any instrument, affidavit, or document asserting a nonconsensual lien, claim, privilege, or mortgage, or other document which otherwise purports to lien, encumber, mortgage, seize, levy, or otherwise effect, on a non-consensual basis, any property, real or personal, belonging to or in the name of any of the aforesaid named federal officials without prior express written authorization from this court.

## I. BACKGROUND

On June 6, 2001, Michael Dokes entered a plea of guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) in <u>United State of America v. Michael Dokes</u>, No. 01-0079.  In August 2002, Dokes began sending Judge Martin Feldman, Magistrate Judge Louis Moore, Jr., United States Attorney Jim Letten, and Assistant United States Attorney Matthew Coman (the federal officials) harassing and vexatious documents seeking to hold them liable for monetary damages for his criminal prosecution and incarceration.

On October 18, 2002, Dokes recorded commercial liens against the federal officials in Orleans Parish, and on December 7, 2002, published a legal notice of the liens in the local newspaper.  The federal officials sought a writ of mandamus in the Civil District Court for the Parish of Orleans to cancel and erase the commercial liens recorded in the Mortgage Office.[1]

The United States of America filed an action for declaratory and injunctive relief on its behalf and on behalf of the federal officials against Michael Dokes and Desiree M. Charbonnet, in her capacity as Ex-Officio Recorder of Mortgages for the Parish of Orleans.  The United

---

[1] On January 10, 2003, Judge Robin Giarusso of Civil District Court for the Parish of Orleans issued a writ of mandamus ordering the Recorder of Mortgages to erase and cancel the inscriptions of the lien granted to Michael Dokes, executed on October 18, 2002.

States seeks to enjoin Dokes from filing and recording lien instruments and the Recorder of Mortgages from accepting such filings.[2]  Specifically, the United States seeks an injunction against Dokes to refrain from communicating with the federal officials, an injunction against Dokes to refrain from filing or recording a lien against any property in the name of the federal officials, and an injunction against Desiree M. Charbonnet restraining her from filing Dokes's liens against the federal officials.[3]

 On May 13, 2005, the Clerk entered a default against Dokes for failure to plead or otherwise defend.  On June 6, 2005, Dokes filed a "Motion to Temporarily Abate Further Proceedings in this Case Pending Review of Petition by Civil District Judge of Orleans Parish; or alternatively for Continuance of Hearing/Preliminary Conference Currently Set for June 2, 2005."  Dokes acknowledged that his filings against the federal officials were improvidently filed, and informed that he filed a petition in Orleans Parish Civil District Court to remove the liens.  On July 15, 2005, the court denied the motion to abate these proceedings until the matter is resolved in Civil District Court.

The United States filed a motion for entry of a judgment of default against Dokes, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and an alternative motion for summary judgment, pursuant to Rule 56.

## II. DISCUSSION

---

[2]   Under Louisiana law, the recorder of mortgages has no discretion to refuse to file even frivolous liens.

[3]   Desireee M. Charbonnet filed and answer admitting the allegations of the complaint only as to her status as Recorder of Morgages.  A bench trial is set for August 14, 2006.

The United States contends that Dokes is in default because he has not answered the complaint or otherwise pleaded in response to the complaint.  The United States argues that the Clerk of Court properly entered a default against Dokes, and a judgment of default granting injunctive and declaratory relief should be entered.

Rule 55(b)(2) provides that a party entitled to a judgment by default shall apply to the court.  Default judgments are a drastic remedy and are not favored by the Federal Rules and the courts.  See Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).  "Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."  Id.

All of the factors favor a default judgment in this case.  Dokes has not filed an answer to the complaint or other responsive pleading, and he does not provide evidence of a good faith mistake or excusable neglect for his failure to do so.  The only reason he puts forth in his opposition and sur-reply is that he is in the process of defending the complaint, but is awaiting discovery.  However, there is no pending discovery because Dokes's two motions to compel discovery were denied by the magistrate judge as premature.  Further, there are no disputed issues of fact concerning Dokes's harassing behavior, Dokes will suffer no prejudice if a default judgment is entered, and there is no indication that the default will be set aside on Dokes's motion.  Dokes acknowledges in his sur-reply and in his previous motion that his actions against the federal officials were improvident.  However, he insists that he intended no harm and argues

that injunctive relief is not necessary to prevent him from acting in such a manner in the future.

The court finds that Dokes's conduct in harassing those federal officials who were involved in his criminal prosecution warrants the extraordinary remedy, and the motion for a default judgment is granted.

New Orleans, Louisiana, this  12th  day of July, 2006.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**